# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE HILL,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08CV1905<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 22.) |

　　　　Presently before the Court is Defendant United States of America's (Defendant or United States) motion to dismiss Plaintiff's second amended complaint. (Doc. No. 22.) Also before the Court is Plaintiff's opposition to the motion to dismiss (Doc. No. 24.) and Defendant's reply (Doc. No. 25.) For the reasons stated below, the Court hereby **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

　　　　Plaintiff initiated this action on October 14, 2008. Plaintiff amended the original complaint, and the amended complaint was dismissed soon thereafter. Plaintiff then filed a second amended complaint on June 21, 2010. (Doc. No. 21 (SAC).)

　　　　Plaintiff asserts in his second amended complaint that his "action is being brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and is being brought against the defendants in their individual and official capacity." (SAC ¶ 2.) In support of his *Bivens* claim, Plaintiff recounts the following events.

1  On February 1, 2006, Plaintiff was transferred from the U.S. Penitentiary at Terre Haute,
2 Indiana (USP Terre Haute), to the Metropolitan Corrections Center (MCC) in San Diego,
3 California. (*Id.* ¶ 4.) His personal property followed soon thereafter. (*Id.*) Upon arrival at MCC,
4 Plaintiff was given access to his belongings. And at that point, Plaintiff noticed that the containers
5 holding his property had been "ripped-open." (*Id.* ¶ 5.) Plaintiff alleges that when he complained
6 about "missing legal papers, pleadings, opinions, and research material," two
7 defendants—correction officers Delrozaro and Lethey—ignored his complaints. (*Id.*) And when
8 Plaintiff filed inmate grievances, defendants R.T. Luna, Robert McFadden, Harold Watts, Harlan
9 Penn, and Harley Lappin violated 18 U.S.C. §§ 1018 & 1028 by filing responses filled with false
10 facts. (*Id.* ¶ 6.)

11  Plaintiff alleges that the false responses caused unnecessary delay, resulting in the
12 dismissal of a lawsuit in the U.S. District Court for the Western District of Virginia. (*Id.* ¶ 7.) The
13 dismissal caused Plaintiff injury "in the sum of Ten Million Dollars, plus interest." (*Id.*) On top
14 of the dismissed case, Plaintiff also "suffered injury in the sum of One Million Dollars" as a result
15 of the defendant's actions. (*Id.* ¶ 8.) For these two injuries, Plaintiff requests judgment totaling
16 eleven-million dollars.

17 **LEGAL STANDARD**

18  Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that
19 the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a
20 motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and
21 sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain
22 statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not
23 require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-
24 defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949
25 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a
26 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
27 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."
28 *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

In *Bivens*, the Supreme Court recognized an "implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). But *Bivens*-type actions are limited to federal officers and cannot be brought against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 484–85 (1994). And by extension, they cannot be brought against the United States. Even assuming Plaintiff set forth a plausible constitutional violation, Plaintiff fails to state a claim upon which relief can be granted because Plaintiff cannot assert a *Bivens*-type action against the United States.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant United States.

**IT IS SO ORDERED.**

1 | **DATED: October 12, 2010**

*Janis L. Sammartino*
**Honorable Janis L. Sammartino**
**United States District Judge**